No. 4807.

M. D. F. H. BROOKS *v.* MRS. M. W. STEWART AND HUSBAND.

Where the act of mortgage to secure the payment of a note given for a valid consideration by a married woman, separate in property from her husband, was dated on the eleventh of May, the authorization of the judge dated on the tenth, and the note on the first of the same month:

Held—That though the note bears a different date from the act of sale and mortgage, it was given for a part of the price thereof; that it formed part of the same transaction, and that the authorization of the judge covered the debt in question, which inured to the benefit of the wife.

APPEAL from the Sixth Judicial District Court, parish of Tangipahoa. *Kemp*, J. *E. John Ellis, Wm. Duncan, G. W. H. Marr*, for plaintiff and appellant. *B. Edwards, S. D. Ellis*, for defendant and appellee.

LUDELING, C. J. This is an action on a note for $3000, dated May 1, 1867, due one year after date, executed by the defendant, a married woman, with the authorization of her husband, and it is secured by a mortgage executed by her with the authorization of the judge.

The defense is that the act of mortgage is dated eleventh of May, and the authorization of the judge is dated tenth of May, whilst the note is dated first of May, and that under the authority of Falconer *v.*

Stapleton, 24 An. 89, the subsequent authorization of the judge could not give validity to a pre-existing debt. We are satisfied, in this case, that though the note bears a different date from the act of sale and mortgage, it was given for a part of the price thereof and formed part of the same transaction, and that the authorization of the judge covered the debt in question. And we are further satisfied that the debt inured to the benefit of the wife.

It is therefore ordered and adjudged that the judgment of the court *a qua* be annulled, and that there be judgment in favor of the plaintiff and against the defendant for three thousand dollars, with eight per cent. per annum interest from eleventh of May, 1867, and costs. It is further ordered that the mortgage given on the property described in the act of mortgage be recognized and made executory.

Rehearing refused.